IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Adebayo Oluwole Adejare Jr,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

Civil Action No. 26-7707

**COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

**JURY TRIAL DEMANDED: NO**

## COMPLAINT FOR INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff Adebayo Oluwole Adejare Jr ("Plaintiff"), proceeding pro se, brings this action against Defendant the Federal Bureau of Investigation ("FBI" or "Defendant"), a component of the United States Department of Justice ("DOJ"), and alleges as follows:

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for injunctive and other appropriate relief, seeking to compel the FBI to conduct a legally adequate search for records pertaining to Plaintiff and to produce all non-exempt responsive records.

2. Plaintiff submitted a first-party FOIPA request to the FBI seeking all records pertaining to himself, explicitly requesting that the search include the Electronic Surveillance (ELSUR) index in addition to the Central Records System (CRS). The

FBI responded that it could locate no responsive records, based solely on a search of the CRS main and reference entity indices conducted under its "standard search policy." The FBI's response did not confirm whether the ELSUR index was searched, despite Plaintiff's explicit request that it be searched.

3. Plaintiff appealed to the Department of Justice's Office of Information Policy ("OIP"). OIP affirmed the FBI's determination in a conclusory two-paragraph decision dated September 22, 2026, a decision that, like the FBI's original response, provided no description of the methodology used, no confirmation of which indices were searched, and no explanation of why a search limited to the CRS main and reference entity indices was reasonably calculated to uncover records that may exist only in the ELSUR index.

4. Having fully exhausted all administrative remedies (a process that spanned 97 days from June 17, 2026 through September 22, 2026), Plaintiff now seeks judicial review of the adequacy of the FBI's search. As OIP itself advised in its denial letter, "the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

## **<u>JURISDICTION AND VENUE</u>**

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that federal district courts "have jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," and pursuant to 28 U.S.C. § 1331, which grants district courts original jurisdiction of all civil actions arising

under the laws of the United States.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that a FOIA action may be filed "in the district in which the complainant resides." Plaintiff resides in the Eastern District of Pennsylvania.

7. Plaintiff has exhausted all administrative remedies available under FOIA prior to filing this action. Plaintiff (1) submitted a FOIPA request to the FBI; (2) received a final determination from the FBI; (3) timely filed an administrative appeal with the Office of Information Policy, DOJ; and (4) received OIP's final denial of that appeal. OIP's denial letter expressly confirmed Plaintiff's right to file this action under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Plaintiff Adebayo Oluwole Adejare Jr is a United States citizen residing in Mount Pocono, Pennsylvania, within the Eastern District of Pennsylvania.

9. Defendant Federal Bureau of Investigation is a component of the United States Department of Justice and is an "agency" within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and the Privacy Act, 5 U.S.C. § 552a(a)(1). The FBI's headquarters is located at 935 Pennsylvania Avenue NW, Washington, D.C. 20535.

## STATEMENT OF FACTS

### A. Plaintiff's FOIPA Request

10 On June 17, 2026, Plaintiff submitted a request pursuant to the Freedom of

Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, to the FBI via the eFOIPA online submission portal at vault.fbi.gov. Plaintiff's request sought any and all records maintained by the FBI in any system of records that reference, mention, or pertain to Plaintiff by name, alias, or unique identifier, in any capacity whatsoever, including as a subject, witness, victim, or third party.

11. In the Additional Information field of the eFOIPA submission, Plaintiff explicitly requested: (1) that the search include the Electronic Surveillance (ELSUR) indices maintained by the FBI, in addition to the CRS main and reference entity indices; (2) that all CRS sub-indices be searched beyond the standard main and reference entity indices; and (3) a written confirmation in the response of which specific indices were searched. Plaintiff provided his full legal name, date and place of birth, current address, Social Security Number, and all known name variants to assist in the search.

12. Plaintiff also invoked both the Freedom of Information Act and the Privacy Act simultaneously, to ensure that the FBI could not deny the request solely on Privacy Act grounds and to maximize the scope of legally compellable disclosure.

**B. The FBI's Response**

13. On July 8, 2026, the FBI's Record/Information Dissemination Section, Information Management Division, issued a response signed by Acting Section Chief Christina Driver. The FBI's response stated that "a main and reference entity record search of the Central Records System (CRS)" was conducted "per our standard search policy" and that the FBI "was unable to identify records subject to the FOIPA that are responsive to your request."

14. The FBI's response did not: (1) confirm whether the Electronic Surveillance (ELSUR) index was searched; (2) identify which specific indices or sub-indices within or alongside the CRS were searched; (3) describe the search methodology, search terms, or name variants used; or (4) explain why the CRS standard search was reasonably calculated to uncover records that may be indexed exclusively in the ELSUR system. All checkboxes on the enclosed standard paragraph addendum were unchecked, indicating that no secondary conditions applied: no records were destroyed, transferred to NARA, forwarded to CJIS, or missing from expected locations.

15. The FBI's response constituted a complete closure of the request on the basis of a CRS-only "standard search policy" search, without substantive engagement with Plaintiff's explicit request that the ELSUR index be searched and confirmed.

## C. The FBI's Central Records System and ELSUR Index

16. The FBI's Central Records System (CRS) is a system that includes records of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. A standard CRS search of main and reference entity indices is the FBI's default search in response to FOIPA requests.

17. The Electronic Surveillance (ELSUR) index is a separate, structurally distinct system of records from the CRS that includes the names of individuals whose electronic and/or voice communications have been intercepted through Title III wiretaps, Foreign Intelligence Surveillance Act (FISA) surveillance, pen register orders, or other electronic surveillance activities. Records indexed in the ELSUR system do not automatically appear in a CRS search. The ELSUR index requires a separate,

affirmative search that is not performed as part of the FBI's standard CRS search policy.

18. The structural separation between the CRS and the ELSUR index is well-established in FOIA litigation. As the United States Court of Appeals for the D.C. Circuit recognized in Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1999): "[T]he FBI need not conduct ELSUR and tickler searches when the FOIA requester does not expressly ask it to do so." The inverse of this rule (and its logical corollary) is that when a requester does expressly ask for an ELSUR search, the FBI must search it. Plaintiff expressly asked.

**D. Plaintiff's Administrative Appeal**

19. On July 25, 2026, Plaintiff timely filed an administrative appeal with the Office of Information Policy (OIP), United States Department of Justice, within the 90-day statutory window provided under 28 C.F.R. § 16.8(a). Plaintiff submitted the appeal electronically through OIP's FOIA STAR portal.

20. Plaintiff's appeal argued that the FBI's search was inadequate on the grounds that: (1) the FBI conducted a CRS-only search under "standard search policy" without confirming whether the ELSUR index was searched, despite Plaintiff's explicit request; (2) a search reasonably calculated to uncover all relevant documents, as required by Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983), cannot by definition be limited to a record system that does not contain ELSUR-indexed records; (3) the FBI's response did not identify which files were searched or reflect a systematic approach to document location as required by Oglesby v. U.S.

Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); and (4) the Campbell corollary directly required the FBI to search the ELSUR index upon Plaintiff's explicit request.

21. Plaintiff's appeal requested that OIP direct the FBI to: (1) conduct and certify a search of the ELSUR index; (2) confirm in writing which specific indices were searched; (3) conduct a phonetic and name-variant search in addition to exact-match indexing; and (4) search administrative record systems outside the CRS.

**E. OIP's Denial**

22. On September 22, 2026, OIP issued its final determination, signed by Jillian Warzynski, Associate Chief, for Christina Troiani, Chief, Administrative Appeals Staff. OIP's denial affirmed the FBI's determination in its entirety. The full substantive content of OIP's denial on the adequacy question was as follows: "I have determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records."

23. OIP's denial was entirely conclusory. It did not: (1) identify which indices the FBI searched; (2) confirm or deny whether the ELSUR index was searched; (3) provide any description of the FBI's search methodology; (4) address Plaintiff's specific Campbell corollary argument; (5) explain how a CRS standard search is reasonably calculated to surface ELSUR-indexed records; or (6) provide any factual basis for its determination that the FBI's search was "adequate" and "reasonable" within the meaning of Weisberg.

24. OIP's denial letter acknowledged Plaintiff's right to file this action, stating: "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in

federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

25. The administrative process from Plaintiff's initial FOIPA request on June 17, 2026 through OIP's final denial on September 22, 2026 spanned 97 days, during which Plaintiff received no substantive explanation of what was searched, what methodology was used, or why the search conducted was reasonably calculated to uncover all responsive records.

## LEGAL STANDARD

26. FOIA requires that agencies make records "promptly available" to any person who submits a request that "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3)(A). An agency may withhold responsive records only if they fall within one of FOIA's nine enumerated exemptions. 5 U.S.C. § 552(b).

27. Where an agency asserts that no responsive records exist, it must demonstrate that it conducted a search "reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983). This is an objective standard measured by the reasonableness of the search methodology, not the results produced.

28. "The issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg, 705 F.2d at 1351. The adequacy of a search is "dependent upon the circumstances of the case." Id.

29. To obtain summary judgment on adequacy grounds, an agency must show that it "made a good faith effort to conduct a search for the requested records, using methods

which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). The agency affidavit must "denote which files were searched and reflect a systematic approach to document location in order to enable the appellant to challenge the procedures utilized." Id.

30. A conclusory agency declaration that merely asserts adequacy without describing methodology, identifying which indices were searched, or explaining why the search was reasonably calculated to find all responsive records does not satisfy this standard. Courts conduct de novo review of FOIA determinations and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

31. With respect to the ELSUR index specifically, the D.C. Circuit has established that "[T]he FBI need not conduct ELSUR and tickler searches when the FOIA requester does not expressly ask it to do so." Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1999). The corollary (that the FBI must search ELSUR when a requester expressly asks) is the governing rule where, as here, Plaintiff explicitly requested an ELSUR index search.

32. An agency's search cannot be limited to its default record system when additional systems are "likely to turn up the information requested." Campbell, 164 F.3d at 28 ("An agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested."). Where a requester has explicitly identified a separate index that may contain responsive records, a search that omits that index is not reasonably calculated to uncover all relevant documents under Weisberg.

33 The Privacy Act separately provides that each agency "shall . . . upon request by any

individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made." 5 U.S.C. § 552a(d)(1). Courts review Privacy Act claims de novo and the agency bears the burden of justifying any withholding or search limitation.

## CAUSE OF ACTION

### COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT

*5 U.S.C. § 552: Inadequate Search for Responsive Records*

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Defendant FBI is an "agency" subject to FOIA's search and disclosure obligations. 5 U.S.C. § 552(f)(1).

36. Plaintiff's FOIPA request explicitly requested a search of the Electronic Surveillance (ELSUR) index, in addition to the CRS main and reference entity indices. Plaintiff provided this explicit instruction in the Additional Information field of the eFOIPA submission.

37. The FBI's response confirms that it searched only the CRS under its "standard search policy." The response does not confirm that the ELSUR index was searched. A CRS-only search, conducted under a standard policy that does not automatically include ELSUR, is structurally incapable of surfacing records indexed exclusively in the ELSUR system.

38. A search of the CRS main and reference entity indices, without searching the ELSUR

index, is not reasonably calculated to uncover all documents responsive to a request that explicitly seeks ELSUR records. See Weisberg, 705 F.2d at 1351; Campbell, 164 F.3d at 28.

39. OIP's affirmance of the FBI's determination was equally deficient. OIP's denial letter provided no description of the FBI's search methodology, no confirmation of which indices were searched, and no explanation of why the search was adequate. The conclusory statement that the FBI "conducted an adequate, reasonable search" without factual support does not satisfy the agency's burden under Oglesby, 920 F.2d at 68.

40. Neither the FBI's response nor OIP's denial has produced a detailed agency declaration (the kind required at summary judgment under Seidel v. DOJ standards) that identifies every index searched, the methodology used, and confirms whether ELSUR was searched. Plaintiff has been denied the ability to "challenge the procedures utilized" as Oglesby requires, because no procedures have been disclosed.

41. The FBI has improperly withheld records and/or has failed to conduct an adequate search for records responsive to Plaintiff's FOIPA request, in violation of FOIA, 5 U.S.C. § 552.

**<u>COUNT II: VIOLATION OF THE PRIVACY ACT</u>**

*5 U.S.C. § 552a: Failure to Permit Access to Records Pertaining to Plaintiff*

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Plaintiff is a United States citizen and is therefore entitled to access under the Privacy Act to records pertaining to him that are maintained in any FBI "system of records"

retrievable by his name or personal identifier. 5 U.S.C. § 552a(d)(1).

44. The ELSUR index is a "system of records" within the meaning of the Privacy Act. 5 U.S.C. § 552a(a)(5). Records within the ELSUR index are retrievable by the name of the individual whose communications were intercepted or referenced.

45. By failing to conduct and certify a search of the ELSUR index in response to Plaintiff's combined FOIA/Privacy Act request, the FBI has denied Plaintiff the right to access records pertaining to him that may exist within that system, in violation of the Privacy Act, 5 U.S.C. § 552a(d)(1).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Order Defendant FBI to conduct and certify a search of the Electronic Surveillance (ELSUR) index for all records referencing Plaintiff by name, alias, date of birth, or any other identifying information provided in Plaintiff's FOIPA request;

(b) Order Defendant FBI to submit a detailed declaration, signed under penalty of perjury by the Section Chief of the Record/Information Dissemination Section, that specifically identifies: (i) every index and record system searched in response to Plaintiff's request; (ii) the methodology and search terms used; (iii) whether the ELSUR index was searched in the original response; (iv) the results of any ELSUR search conducted; and (v) whether the Sentinel system's architecture is claimed to make a separate ELSUR search redundant, and if so, the technical basis for that claim;

(c) Order Defendant FBI to conduct and certify a phonetic and name-variant search of all

applicable indices in addition to exact-match indexing;

(d) Order Defendant FBI to search all administrative record systems outside the CRS, including but not limited to visitor logs, contractor records, personnel administrative files, and any other systems that may contain records referencing Plaintiff by name or identifier;

(e) Order Defendant FBI to produce all non-exempt records responsive to Plaintiff's FOIPA request that are identified in any supplemental search conducted pursuant to this Court's order, with any withholdings supported by a Vaughn index that specifically identifies each withheld document, the exemption claimed, and the factual basis for that exemption;

(f) Award Plaintiff attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) to the extent Plaintiff substantially prevails in this action;

(g) Conduct in camera review of any records the FBI claims are exempt, to verify the validity of claimed exemptions; and

(h) Grant such other and further relief as this Court deems just, proper, and equitable.

## VERIFICATION

I, Adebayo Oluwole Adejare Jr, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in this action; that I have read the foregoing Complaint and know the contents thereof; and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

/s/ Adebayo Oluwole Adejare Jr

______________________________

Adebayo Oluwole Adejare Jr
Plaintiff, Pro Se
7 Brookeville Terrace Unit B
Mount Pocono, Pennsylvania 18344
Telephone: (570) 656-0880
Email: bayo.adejare@proton.me

Dated: October 6, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2026, I filed the foregoing Complaint via the Electronic Document Submission (EDS) system of the United States District Court for the Eastern District of Pennsylvania, and that a true and correct copy will be served upon Defendant via certified mail, return receipt requested, as follows:

1. **Federal Bureau of Investigation**
   935 Pennsylvania Avenue NW
   Washington, D.C. 20535

2. **Attorney General of the United States**
   950 Pennsylvania Avenue NW
   Washington, D.C. 20530

3. **U.S. Attorney, EDPA**
   615 Chestnut Street, Suite 1250
   Philadelphia, PA 19106

/s/ Adebayo Oluwole Adejare Jr

______________________________

Adebayo Oluwole Adejare Jr
Plaintiff, Pro Se

Dated: October 6, 2026

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction:______NA______________________________

***RELATED CASE IF ANY:*** Case Number:_____NA________________ Judge:____NA____________________

1. Does this case involve property included in an earlier numbered suit? No Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? No Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? No Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? No Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? No Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

A. ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☒ 16. All Other Federal Question Cases. *(Please specify)*: FOIA case

B. ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:________________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____________
_____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☒ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ x ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Adejare, Adebayo O

(b) County of Residence of First Listed Plaintiff: Monroe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Adebayo Oluwole Adejare Jr, Pro Se
7 Brookeville Terrace Unit B

## DEFENDANTS

Federal Bureau of Investigation

County of Residence of First Listed Defendant: District of Columbia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown at time of filing

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☒ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 552; 5 U.S.C. § 552a; 28 U.S.C. § 1331

Brief description of cause:
Action under the Freedom of Information Act and Privacy Act to compel FBI to conduct an adequate search for personal records, including the Elec

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE N/A DOCKET NUMBER N/A

DATE: October 6, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Adebayo Oluwole Adejare Jr

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.